IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RICK STEFANIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD C. OVSENIK, MARK | ) | |
| BRECHER, IVAN IVANOV, GTX | ) | No. 1:07CV00192 |
| GLOBAL CORPORATION, VISION | ) | |
| TECHNOLOGY CORP., VISION | ) | |
| TECHNOLOGY CORPORATION, | ) | |
| VSTC CORPORATION, SQL MINDS, | ) | |
| CORP., and DATA CONSULTING | ) | |
| GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

This matter is before the Court on Plaintiff Rick Stefanik's Motion to Remand [Doc. #13]. For the reasons set forth below, this Motion to Remand is GRANTED, and this matter is REMANDED to the General Court of Justice, Superior Court Division, Moore County, North Carolina.

I.

This matter was initially filed in the North Carolina Superior Court in Moore County on January 18, 2007. Mr. Stefanik's Complaint seeks to enforce a judgment obtained against Gatelink Global Corporation (which is now known as Vision Technology Corp.), Gatelink Corporation, David Hagen and Annette Hagen. The Complaint alleges that Defendants Edward C. Ovsenik, Mark Brecher and Ivan

Ivanov "have intentionally dispersed and hidden those assets behind various shell corporations to prevent them from being subjected to execution and levy." [Doc. # 3 at 1]. In addition to the attempt to enforce a judgment, the Complaint also asserts various other causes of action related to the alleged hiding of assets.

On March 5, 2007, Defendant Vision Technology Corp. ("Vision Technology"), formerly known as Defendant GTX Global Corporation, formerly known as Gatelinx Global Corporation, formerly known as Auto Lease Check.com, and doing business as Defendant VSTC Corporation, filed for bankruptcy in the United States Bankruptcy Court in the Eastern District of North Carolina. On March 14, 2007, Defendant Ovsenik removed the action to this Court pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 1452 on the theory that the claims in this case were "related to" the Vision Technology bankruptcy. Since Mr. Ovsenik removed the action to this Court, Defendants Brecher, Ivanov, SQL Minds, Corp., and Data Consulting Group have consented to the removal. Vision Technology the debtor in the Eastern District, has not made an appearance in this action.

On March 20, 2007, Mr. Stefanik filed the instant motion to remand.

II.

Removal of cases related to bankruptcy is governed by 28 U.S.C. § 1452(a), which provides that a "party may remove any claim or cause of action in any civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section

2

1334 of this title." 28 U.S.C. § 1452(a). Under Section 1334, district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11." 28 U.S.C. § 1334(b). Thus, a district court only has jurisdiction under § 1334(b) if the proceeding (1) arises under Title 11; (2) is a proceeding arising in a case under Title 11; or (3) is a proceeding related to a case under Title 11.

Mr. Ovsenik asserts that the claims against him are "related to" the Vision Technology bankruptcy. A proceeding is "related to" a bankruptcy proceeding if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Celotex Corp. v. Edwards, 514 U.S. 300, 308 n.8 (1995) (quoting Pacor, Inc. v. Higgins, 743 F.3d 984 (3d Cir. 1984)). This standard is referred to as the Pacor test.

Although Mr. Ovsenik cites the Pacor test as the applicable standard for determining whether a proceeding is "related to" a bankruptcy proceeding, he does not explain how the outcome of Mr. Stefanik's claims against himself or any of the other defendants who have consented to removal could "conceivably have any effect on the estate being administered in bankruptcy." Rather, Mr. Ovsenik appears to assume that because one of the defendants in the state court action has filed for bankruptcy, this entire case is removable to this Court pursuant to § 1452.

However, unlike 28 U.S.C. § 1441(c), which refers to removing an "entire

3

case" to the district court when a claim or cause of action is joined with "one or more otherwise non-removable claims or causes of action," § 1452(a) allows "[a] party" to remove "any claim or cause of action in a civil action" if the district court has jurisdiction over that "claim or cause of action" under § 1334. Thus, § 1452 allows a debtor to remove "any claim or cause of action against" the debtor but does not confer jurisdiction generally over the "civil action" in which those particular claims are asserted. When a case is removed pursuant to § 1452 "the requirement of subject matter jurisdiction must be met with respect to the claims against each defendant." Digital Satellite Lenders, LLC v. Ferchill, No. 03 Civ. 8803, 2004 WL 1794502, at *3-4 (S.D.N.Y. Aug. 10, 2004) (remanding claims against one defendant for lack of subject matter jurisdiction where the claims against that defendant would have no effect on the debtor in bankruptcy); Retirement Sys. of Ala. v. Merrill Lynch & Co., 209 F. Supp. 2d 1257, 1263 (M.D. Ala. 2002) (explaining that "§ 1452 authorizes a party to remove a particular 'claim or cause of action' that touches on the administration of a bankruptcy estate, but not an entire 'action' involving claims and other parties that may have nothing to do with the bankruptcy" ); 16 James Wm. Moore, et al., *Moore's Federal Practice* § 107.15[8][b] (3d ed. 2000) ("Bankruptcy removal applies only to the claims supported by bankruptcy jurisdiction, rather than the entire civil action, unless the federal district court has jurisdiction over the other claims.")

      Thus, while the claims against Vision Technology (and perhaps its

4

predecessor entities) may properly be decided by the United States Bankruptcy Court for the Eastern District of North Carolina in the event Vision Technology seeks to remove the claims against it and have those claims transferred to the Eastern District, the fact that Vision Technology has filed for bankruptcy does not automatically confer subject matter jurisdiction in this Court over all of the claims asserted against Vision Technology's co-defendants.

On a motion to remand, "the burden of establishing federal subject matter jurisdiction rests on the party or parties seeking to preserve removal." Morales v. Showell Farms, Inc., 910 F. Supp. 244, 246 (M.D.N.C. 1995). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir.1999) (explaining that courts should "resolve all doubts about the propriety of removal in favor of retained state jurisdiction."). Neither Mr. Ovsenik nor any of the other defendants who have consented to the removal have established that the claims against them are related to the Vision Technology bankruptcy. Therefore, those claims are not properly before this Court under 28 U.S.C. §§ 1334 and 1452. Mr. Ovsenik cited no other basis for federal subject matter jurisdiction in the Notice of Removal.

III.

Mr. Stefanik's Motion to Remand is GRANTED, and this matter is REMANDED to the General Court of Justice, Superior Court Division, Moore

County, North Carolina.

This the 24th day of July, 2007.

/s/ N. Carlton Tilley, Jr.
United States District Judge